■ In the Matter of JENNIFER R. DAVIS, Respondent, v ANTHONY P. VENDITTO, Appellant. (Proceeding No. 1.) In the Matter of ANTHONY P. VENDITTO, Appellant, v JENNIFER R. DAVIS, Respondent. (Proceeding No. 2.) [846 NYS2d 365]—In two related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals (1) from an order of the Family Court, Suffolk County (Lynaugh, J.), dated December 14, 2006, in proceeding No. 1, which, without a hearing, dismissed her family offense petition for failure to state a cause of action and vacated a temporary order of protection against the father, (2), as limited by her brief, from so much of an order of the same court also dated December 14, 2006, in proceeding No. 2, as, without a hearing, dismissed her cross petition to modify a prior order of custody and visitation of the same court dated May 27, 2006, inter alia, awarding the father sole custody of the parties' child, and as, sua sponte, directed that all future visitation exchanges of the parties' child take place under the supervision of the Suffolk Supervised Visitation Program, and (3) from another order of the same court also dated December 14, 2006, in proceeding No. 2, which, among other things, directed the parties to abide by the rules of the Suffolk Supervised Visitation Program.

Ordered that the appeal from so much of the first order dated December 14, 2006, in proceeding No. 2, as, sua sponte, directed that all future visitation exchanges of the parties' child take place under the supervision of the Suffolk Supervised Visitation

Program, is dismissed, without costs or disbursements, as no appeal lies as of right from an order which does not decide a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal has not been granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from the second order dated December 14, 2006, in proceeding No. 2, is dismissed, without costs or disbursements, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701 [a] [2]), and leave to appeal has not been granted (see CPLR 5701 [c]), and, in any event, the appeal has been rendered academic; and it is further,

Ordered that the order dated December 14, 2006, in proceeding No. 1, is affirmed, without costs or disbursements; and it is further,

Ordered that the first order dated December 14, 2006, in proceeding No. 2, is affirmed insofar as reviewed, without costs or disbursements.

In a prior decision and order of this Court in these proceedings, this Court affirmed an order of the Family Court, Suffolk County, dated May 27, 2006, which awarded the father custody of the parties' child and granted the mother visitation pursuant to a certain schedule (see Matter of Venditto v Davis, 39 AD3d 555 [2007]).

Contrary to the mother's contention, the Family Court properly dismissed her family offense petition against the father, without a hearing, as the petition was conclusory and failed to allege conduct by the father that would constitute the offense of harassment in the second degree (see Family Ct Act § 812 [1]; § 832; Penal Law § 240.26 [3]; Matter of Morisseau v Morisseau, 27 AD3d 651, 652 [2006]; Matter of Vasciannio v Nedrick, 305 AD2d 420, 421 [2003]; Matter of Jones v Roper, 187 AD2d 593 [1992]).

Further, the Family Court also properly determined that the mother failed to make any evidentiary showing to support her conclusory and nonspecific allegations relating to a change in circumstances that would justify a hearing on the issue of whether awarding custody to her would be in the child's best interests (see Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739 [2006]; Matter of Vasquez-Williams v Williams, 32 AD3d 859, 859-860 [2006]; Jackson v Jackson, 31 AD3d 386 [2006]; Matter of Grassi v Grassi, 28 AD3d 482 [2006]; Engeldrum v Engeldrum, 306 AD2d 242 [2003]).

The mother's remaining contention is without merit. Goldstein, J.P., Skelos, Dillon and McCarthy, JJ., concur.