■ In the Matter of DIANA J. CRUZ, Appellant, v IVAN CRUZ, Respondent. (And Another Related Proceeding.) [— NYS2d —]—

Spain, J. Appeal from an order of the Family Court of Broome

County (Pines, J.), entered November 9, 2007, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act articles 6 and 8 to, among other things, modify a prior order of custody.

The parties are the parents of two daughters (born in 2000 and 2003). Respondent (hereinafter the father) moved out shortly after the younger daughter was born and petitioner (hereinafter the mother) filed for divorce in 2004. Pursuant to an August 2006 stipulation which was incorporated, but not merged, into their judgment of divorce, the parents now share joint legal custody of the children, their principal residence being with the mother. The father has scheduled parenting time every other week from Wednesday through Sunday, as well as two weeks in July and two weeks in August together with other holidays. In March 2007, within four months of the entry of the stipulated judgment of divorce, the mother commenced a proceeding seeking sole custody of the children and permission to relocate with them from Broome County to New York City. The mother also commenced a family offense proceeding and a temporary order of protection was issued. The father objected to the relocation of the children and denied the family offense allegations. After a hearing, Family Court dismissed both petitions and petitioner now appeals.

The party seeking to relocate with the children has the burden of demonstrating, by a preponderance of the evidence, that the requested move will be in the children's best interests (*see Matter of Tropea v Tropea*, 87 NY2d 727, 741 [1996]; *Matter of Herman v Villafane*, 9 AD3d 525, 526 [2004]). "In making such a determination, numerous factors will be considered and, if that determination is supported by a sound and substantial basis in the record, it will not be disturbed" (*Matter of Winn v Cutting*, 39 AD3d 1000, 1001 [2007] [citations omitted]). Notably, of all the relevant factors, "it is the rights and needs of the children that must be accorded the greatest weight" (*Matter of Tropea v Tropea*, 87 NY2d at 739).

The parties' younger daughter has cerebral palsy, with severe neurological limitations. She is nonverbal, nonambulatory, requires a feeding tube and has very limited vision. This daughter—who was four years old at the time of the fact-finding hearing—increasingly suffers from seizures and requires, at times, treatment by various pediatric specialists, a number of whom are at a distance from Broome County. When her seizures are severe, she requires a ventilator—a tube placed in her trachea for breathing—and she has to be transferred to the nearest pediatric intensive care unit (hereinafter ICU) at a hospital in

the City of Syracuse, Onondaga County, about 75 miles away. The parties' older daughter is in the second grade, has a loving relationship with each of her parents and appears to be doing well in school.

The mother's relocation petition alleges, among other reasons, that relocating to New York City with the children is justified because of the "constant verbal harassment" by the father and his new wife, a "constant lack of communication" and the needs of their handicapped daughter. She indicates that she has done some research and has identified specialists and a hospital in New York City close to where she plans to live which will meet all of the younger daughter's needs in one location. According to her testimony, the mother's plan—if she were permitted to move with the children—is to live and share expenses with her parents who are committed to leaving Broome County and returning to New York City where they once resided when their daughter—the mother herein—was a teenager. The mother also revealed in her testimony that she was dating a man who lives and works in the New York City area.

The mother's key assertion in support of her proposed move is that it is medically necessary for the younger daughter to be in close proximity to a hospital where there is a pediatric ICU and access to various pediatric specialists all in close proximity. Indeed, on that pivotal argument, she has failed in her proof. The mother's own witness, Gregory Scagnelli—the younger daughter's primary pediatrician—testified that, although living closer to a hospital with a pediatric ICU would be "optimal," this child—like many other children in the City of Binghamton, Broome County area with similar conditions—is adequately cared for within Broome County despite the necessity to travel, from time to time, to Syracuse.

The record reflects that while their daughters spend more time with the mother, both parents have been actively involved in their lives. The mother concedes that the father has a good relationship with both children but has concerns about the way the father cares for the younger daughter. It is significant therefore that Scagnelli praised both parents in his assessment of the care the younger daughter receives in stating, without reservation, "I think [her] parents have done an exemplary job." Thus, despite some ambivalence on the part of the father—before their stipulated custody agreement and divorce—about his willingness to care for and relate to this daughter, the record amply supports the conclusion that the father has been appropriately and effectively parenting and caring for each of his daughters in a loving and consistent manner.

Accordingly, given the foregoing and the uncertainties of moving to New York City, the mother failed to establish that the children's best interests will be served by the proposed move, a conclusion consistent with the position of the attorney for the children. Viewing the totality of the circumstances, we affirm that part of Family Court's decision that denied the requested move, as it has a sound and substantial basis in the record.

Finally, the mother's additional contention that Family Court improperly limited her attempt to prove the allegations in her family offense petition is without merit. A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Mauzy v Mauzy*, 40 AD3d 1147, 1148 [2007]). At the fact-finding hearing, "[o]nly competent, material and relevant evidence may be admitted" (Family Ct Act § 834). Here, the mother and her mother testified to the events alleged in her family offense petition. The father also testified about these events in his direct testimony, was not cross-examined with respect to the allegations and no rebuttal evidence was proffered or presented. In our view, the record amply supports the court's determination that the mother did not meet her burden of proof.

We have considered the mother's remaining contentions and find them unavailing.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.