■ In the Matter of CHARLES E., Appellant, v FRANK E., Respondent. [899 NYS2d 464]—

McCarthy, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered August 17, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner commenced this proceeding alleging that respondent, who is his father, committed family offenses necessitating an order of protection. Family Court, sua sponte, dismissed all

but nine of 129 paragraphs in the amended petition. After petitioner presented his proof at a hearing, the court granted respondent's motion to dismiss the remainder of the petition. Petitioner appeals.

Petitioner initially contends that he is entitled to a reversal because Family Court deprived him of due process by failing to provide an opportunity to respond to the sua sponte dismissal or respondent's motion at the hearing. The court did not specifically ask counsel to make any legal argument or respond to these actions, but the court also did not prevent counsel from speaking and counsel did not request an opportunity to respond. Even had petitioner been so deprived, he is entitled to a reversal only if the legal arguments and objections he raises would have validly prevented dismissal of his petition. Thus, we now address the merits of his arguments.

Family Court did not err in sua sponte dismissing most of the paragraphs in the amended petition. To be viable under the circumstances here, the paragraphs were required to allege that respondent engaged in harassment of petitioner, i.e., that, "with intent to harass, annoy or alarm," respondent engaged in a course of conduct that did alarm or seriously annoy petitioner and the conduct served no legitimate purpose (Penal Law § 240.26 [3]; *see* Family Ct Act § 821 [1] [a]). Many of the paragraphs contained petitioner's opinions, conclusory statements or irrelevant facts without allegations related to any family offense. Some paragraphs referred to petitioner's family in general or contained allegations against individuals other than respondent. Still others alleged that respondent engaged in bad behavior or committed property crimes against petitioner, but did not allege conduct that constituted harassment or another crime listed in Family Ct Act § 821 (1) (a). These paragraphs were properly dismissed (*see Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *Matter of Brennan v Anesi*, 283 AD2d 693, 694-695 [2001]). In any event, the court actually permitted petitioner to raise facts relating to some of the dismissed paragraphs at the hearing, diminishing the practical effect of the sua sponte dismissal of those paragraphs.

Family Court properly granted respondent's motion to dismiss the remainder of the amended petition. In a previous family offense proceeding in Kings County, petitioner alleged that respondent unlawfully possessed petitioner's rifle and lied to police about it, had bent petitioner over a porch railing and threatened to kill him, and had demanded that petitioner remove all of his property from a Brooklyn apartment immediately or petitioner would never see his belongings again.

Because the prior petition was dismissed on the merits, Family Court correctly determined that the doctrine of res judicata barred petitioner from relying on any of those allegations (*see Cramer v Sabo*, 31 AD3d 998, 999 [2006], *lv denied* 8 NY3d 801 [2007]).

Petitioner bore the burden of proving by a preponderance of the evidence that respondent committed a family offense (*see* Family Ct Act § 832; *Matter of Cruz v Cruz*, 55 AD3d 992, 995 [2008]). Evidence at a fact-finding hearing must be competent, material and relevant (*see* Family Ct Act § 834). Here, respondent had legally evicted petitioner from the Brooklyn apartment but allowed petitioner's property to remain in the apartment for two years. Respondent's letter requesting that petitioner provide a schedule for removal of his property was civil, with no indication that it was intended to harass, annoy or alarm anyone, and it served a legitimate purpose of allowing respondent to empty the apartment to rent it out (*see Matter of Hasbrouck v Hasbrouck*, 59 AD3d 621, 622 [2009]). When the parties could not agree on a schedule, other individuals apparently packed petitioner's belongings and moved them to a storage facility. Petitioner testified and introduced pictures to prove that several items were damaged or missing, but he provided no competent proof that respondent stole petitioner's missing property, caused the damage or procured others to purposely damage petitioner's property. While respondent, as a bailee of petitioner's property, was responsible for its safekeeping and perhaps could be liable in negligence (*see Wilson v CRL Mgt., Inc.*, 14 Misc 3d 231, 232-233 [2006]), negligent supervision resulting in property damage does not constitute the crime of harassment. Petitioner's other evidence consisted of hearsay allegations or generalized bad behavior by respondent which did not rise to the level of any criminal act specifically enumerated in Family Ct Act § 821 (*compare Matter of Steinhilper v Decker*, 35 AD3d 1101, 1102 [2006]). As petitioner did not meet his burden of establishing a prima facie case that respondent committed a family offense, Family Court properly granted respondent's motion to dismiss the petition.

Mercure, J.P., Peters, Rose and Stein, JJ., concur. Ordered that the order is affirmed, without costs.