The appeal from the intermediate order must be dismissed because it is not appealable as of right (see Family Ct Act § 1112), and, in any event, the right of direct appeal therefrom terminated with the entry of the order of disposition (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the order of disposition (see CPLR 5501 [a] [1]; Family Ct Act § 1118; Matter of Anna Coral DeL., 50 AD3d 792 [2008]).
The petitioner commenced this family offense proceeding al *871 leging, inter alia, that during a court proceeding, the respondent became irate and threw his chair violently while shouting at the judge. The petition further alleged that while being escorted out of the courtroom, the respondent stopped in front of the petitioner while waving his hand and pointing at her and twice shouted “You better watch out, I’m going to get you!” During previous proceedings, the respondent had “muttered things toward [the petitioner] and made motions towards her.”
The Family Court should have denied that branch of the respondent’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action. Liberally construing the petition, and giving it the benefit of every possible favorable inference, the petition adequately alleged that the respondent had committed the family offenses of harassment in the first and second degrees and disorderly conduct (see Family Ct Act §§ 165 [a]; 812 [1]; Penal Law §§ 240.25, 240.26, 240.20 [1]; Matter of Walton v New York State Dept. of Correctional Servs., 13 NY3d 475, 484 [2009]; Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108-1110 [2012]).
The petitioner’s remaining contentions are without merit or are not properly before this Court. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.