In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Dutchess County (Sammarco, J.), entered October 15, 2012, which granted the respondent’s motion to dismiss, for failure to state a cause of action, her petition, in effect, to restore to the calendar a family offense petition against the respondent based upon his alleged violation of specified conditions set forth *822 in an order of the same court dated July 12, 2011, which, inter alia, granted an adjournment in contemplation of dismissal of the underlying family offense proceeding.
Ordered that the order entered October 15, 2012, is affirmed, without costs or disbursements.
A family offense proceeding against the respondent was settled in an order dated July 12, 2011, which granted an adjournment in contemplation of dismissal (hereinafter ACD), upon the conditions that, inter alia, the respondent: “[r]efrain from assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, intimidation, criminal mischief, ... or any criminal offense against [the petitioner].” The adjournment period ran from July 12, 2011, through July 12, 2012. On May 7, 2012, the petitioner filed a petition (hereinafter the petition to restore) alleging that the respondent had violated the terms and conditions of the ACD order by, among other things, calling her, emailing her, and sending her text messages demanding that she let him move back into the parties’ house and demanding his belongings, filing a false petition against her, and calling her adult daughters on one occasion after the petitioner refused to answer his telephone calls. Based upon this conduct, the petitioner requested, in effect, that the underlying family offense petition be restored to the calendar.
The Family Court properly granted the respondent’s motion to dismiss the petition to restore for failure to state a cause of action. When reviewing a motion to dismiss pursuant to CPLR 3211 (a) (7), which is proper here, in that family offense proceedings under Family Court Act article 8 are civil in nature (see Family Ct Act § 812 [2] [b]), we afford the petition a liberal construction, accept the allegations contained therein as true, and grant the petitioner the benefit of every favorable inference (see Matter of Jeff M. v Christine N., 101 AD3d 1426, 1427 [2012]; Matter of Pamela N. v Neil N., 93 AD3d 1107, 1108 [2012]). Here, even liberally construing the petition to restore and giving it the benefit of every favorable inference, we find that it failed to adequately allege that the respondent violated the terms and conditions of the ACD order. Contrary to the petitioner’s contention on appeal, the petition to restore failed to adequately allege that the respondent, acting with the requisite intent that is inferable from the alleged circumstances, engaged in the offense of aggravated harassment in the second degree or harassment in the second degree (see Penal Law §§ 240.26 [3]; 240.30; Matter of Davis v Venditto, 45 AD3d 837, 838 [2007]; Matter of Morisseau v Morisseau, 27 AD3d 651, 652 *823 [2006]; Matter of Jones v Roper, 187 AD2d 593 [1992]). Dickerson, J.E, Chambers, Roman and Miller, JJ., concur.