■ In the Matter of MICHAEL ARNOLD, Appellant, v AVA ARNOLD, Respondent. [989 NYS2d 879]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Suffolk County (Hoffman, J.), dated July 29, 2013, which, without a hearing, dismissed his petition and vacated a temporary order of protection previously issued on July 22, 2013.

Ordered that the order dated July 29, 2013, is affirmed, without costs or disbursements.

The petitioner filed a family offense petition against his stepmother while she and his father were in the process of divorcing, alleging that she had committed the enumerated family offenses of harassment in the first and second degrees. In his petition, the petitioner alleged, inter alia, that his stepmother had told people that he had stolen money and jewelry from her, threatened to ruin his life and career, stated that the divorce was the petitioner's fault, and called the petitioner's former employer to tell "lies" about him. Prior to conducting a hearing, the Family Court granted the stepmother's application to dismiss the petition, concluding, in effect, that there was no family relationship between the petitioner and his stepmother, and that the petition failed to state a cause of action.

The Family Court's jurisdiction over family offense proceedings, which it shares with the criminal courts, extends to certain forms of criminal conduct "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1]; *see Matter of Hon v Tin Yat Chin*, 117 AD3d 946 [2014]). Family Court Act

§ 812 (1) (a) defines "members of the same family or household" to include "persons related by consanguinity or affinity." A relationship of affinity is "the relation that one spouse has to the blood relatives of the other spouse; relationship by marriage" (Black's Law Dictionary 70 [10th ed 2014]). Accordingly, while the spouses remain married, a stepchild is related by affinity to a stepparent, and the Family Court has jurisdiction over a family offense petition brought by a stepchild against a stepparent (*see Matter of Dulanto v Dulanto*, 276 AD2d 694, 695 [2000]; *Matter of Orellana v Escalante*, 228 AD2d 63, 65 [1997]; *Matter of Nadeau v Sullivan*, 204 AD2d 913, 914 [1994]; *see also Matter of Jose M. v Angel V.*, 99 AD3d 243, 248 [2012]). Here, while the petitioner's father and stepmother were in the process of divorcing when the petition was filed, they remained married. Thus, the Family Court had jurisdiction over this proceeding.

However, the Family Court properly concluded that the petition failed to state a cause of action. In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference (*see Matter of Craig O. [Barbara P.]*, 118 AD3d 1068 [2014]; *Matter of Smith v Howard*, 113 AD3d 781 [2014]; *Matter of Cote v Berger*, 112 AD3d 821 [2013]; *Matter of Clark v Ormiston*, 101 AD3d 870, 871 [2012]). Even construing the petition liberally and giving it the benefit of every favorable inference, it fails to allege conduct that would constitute the offenses of harassment in the first or second degrees (*see* Penal Law §§ 240.25, 240.26 [2]; *Matter of Cote v Berger*, 112 AD3d 821 [2013]), or aggravated harassment in the second degree in violation of Penal Law § 240.30 (2). Although the factual allegations in the petition indicate that the stepmother engaged in communications that come within the scope of Penal Law § 240.30 (1), that statutory provision, which proscribes engaging in communication "in a manner likely to cause annoyance or alarm," has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455 [2014]). Accordingly, the Family Court properly dismissed the petition for failure to state a cause of action and vacated a temporary order of protection previously issued on July 22, 2013. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.