In the Matter of ALBA RING, Appellant, v JOHN RING, Respondent. [33 NYS3d 750]—

Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated February 26, 2015. The order granted the respondent's motion to dismiss the petitioner's family offense petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding against her husband, the respondent. The respondent moved to dismiss the petition for failure to state a cause of action, and the Family Court granted the motion.

In determining a motion to dismiss a family offense petition pursuant to CPLR 3211 (a) (7), " 'the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (*Matter of Xin Li v Ramos*, 125 AD3d 681, 682 [2015], quoting *Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]; *see Matter of Smith v Howard*, 113 AD3d 781, 782 [2014]; *Matter of Clark v Ormiston*, 101 AD3d 870, 871 [2012]).

Here, even liberally construing the petition and giving it the benefit of every favorable inference, it failed to adequately allege an enumerated family offense (*see* Family Ct Act § 812 [1]). Contrary to the petitioner's contention, the petition failed to adequately allege that the respondent, acting with the requisite intent that is inferable from the alleged circumstances, engaged in the offenses of harassment in the second degree or stalking in the fourth degree (*see* Penal Law §§ 240.26, 120.45; *Matter of Cote v Berger*, 112 AD3d 821, 822

[2013]; *Matter of Price v Jenkins*, 92 AD3d 787 [2012]; *Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]). Eng, P.J., Roman, LaSalle and Barros, JJ., concur.