■ In the Matter of PAMELA BROWN-WINFIELD, Appellant, v MICHAEL BAILEY, Respondent. [38 NYS3d 434]—

Appeal by the petitioner from an order of the Family Court, Queens County (Jane A. McGrady, Ct. Atty. Ref.), dated November 19, 2014. The order, without a hearing, dismissed her family offense petition on the ground that the allegations do not constitute a family offense.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings on the family offense petition.

On November 19, 2014, in the Family Court, Queens County, the petitioner filed a family offense petition. At the appearance, the Court Attorney Referee stated that she did not believe that the allegations in the family offense petition made out a family offense. The court issued an order dismissing the family offense petition on the ground that the allegations do not constitute a family offense.

A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense (*see Matter of Marino v Marino*, 110 AD3d 887 [2013]; *Matter of Dowgiallo v Williams*, 99 AD3d 708, 709 [2012]; *Matter of Price v Jenkins*, 92 AD3d 787 [2012]; *Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *cf.* Family Ct Act § 821). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (*Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]; *see Matter of Smith v Howard*, 113 AD3d 781 [2014]; *Matter of Cote v Berger*, 112 AD3d 821, 822 [2013]; *Matter of Clark v Ormiston*, 101 AD3d 870, 871 [2012]).

Contrary to the findings of the Family Court, liberally construing the allegations of the family offense petition and giving it the benefit of every possible favorable inference, the petition adequately alleged that the respondent had committed the family offense of harassment in the second degree, in that, with intent to harass, annoy, or alarm the petitioner, he threatened to subject her to physical contact (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [1]). Accordingly, the court erred in dismissing the petition on the ground that the allegations do not constitute a family offense.

In light of our determination, we need not determine whether the alternate ground raised by the petitioner requires reversal. However, because we are remitting the matter for further proceedings on the petition, we note that Family Court Act § 262 (a) (ii) confers the right to the assistance of counsel upon parties in a proceeding brought pursuant to Family Court Act article 8. The statute further provides that "[w]hen such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (Family Ct Act § 262 [a]). Here, the Court Attorney Referee failed to advise the petitioner of her right to counsel as required by Family Court Act § 262. Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.