◼ In the Matter of SAMUEL M. LASHLEE, Appellant, v DEBORAH M. LASHLEE, Respondent, et al., Nonparty Respondents. [43 NYS3d 419]—

Appeals by the father from (1) an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), dated September 30, 2015, and (2) an order of that court dated October 5, 2015. The order dated September 30, 2015, insofar as appealed from, granted that branch of the children's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the father's family offense petition as alleged that the mother committed acts constituting the family offense of reckless endangerment in the second degree. The order dated October 5, 2015, vacated a temporary order of protection dated August 21, 2015.

Ordered that the order dated September 30, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 5, 2015, is affirmed, without costs or disbursements.

The parties are divorced and have two children together. In August 2015, during the pendency of the divorce action, the father commenced this family offense proceeding against the mother alleging that on one occasion, she was operating a minivan in which the children were passengers when, upon being informed by the children, who "were afraid," that one of the doors of the vehicle was open, she drove to the "next stop" and closed the door. On August 21, 2015, the Family Court issued a temporary order of protection on behalf of the children. Thereafter, the children moved pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action. In an order dated September 30, 2015, the Family Court granted the motion and, in effect, directed that the temporary order of protection be vacated. In an order dated October 5, 2015, the Family Court vacated the temporary order of protection. The

father appeals from so much of the order dated September 30, 2015, as granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the petition as alleged that the mother committed acts constituting the family offense of reckless endangerment in the second degree. The father also appeals from the order dated October 5, 2015.

"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (*Matter of Davis v Wright*, 140 AD3d 753, 754 [2016]; *see* Family Ct Act § 832; *Matter of Frimer v Frimer*, 143 AD3d 895 [2016]; *Matter of Jordan v Verni*, 139 AD3d 1067 [2016]; *Matter of Ramdhanie v Ramdhanie*, 129 AD3d 737 [2015]). However, "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (*Matter of Brown-Winfield v Bailey*, 143 AD3d 707 [2016]; *see Matter of Davis v Venditto*, 45 AD3d 837 [2007]). "In determining a motion to dismiss a family offense petition pursuant to CPLR 3211 (a) (7), 'the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (*Matter of Xin Li v Ramos*, 125 AD3d 681, 682 [2015], quoting *Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]).

Here, the Family Court properly granted that branch of the children's motion which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the petition as alleged that the mother committed acts constituting the family offense of reckless endangerment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 120.20). Reckless endangerment cannot be found "in the absence of actual and 'substantial risk of serious physical injury' " (*Matter of Stanley F.*, 76 AD3d 1069, 1071 [2010], quoting Penal Law § 120.20). Even construing the petition liberally and giving the father the benefit of every favorable inference, the petition fails to allege conduct that would constitute the family offense of reckless endangerment in the second degree (*see* Penal Law § 120.20; *People v Davis*, 72 NY2d 32 [1988]; *cf. Matter of Nakia C. v Johnny F.R.*, 112 AD3d 538 [2013]).

Since the Family Court properly directed the dismissal of so much of the family offense petition as alleged that the mother committed acts constituting the family offense of reckless endangerment in the second degree, it also properly vacated the temporary order of protection (*see Matter of Krisztina K. v John S.*, 103 AD3d 724 [2013]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.