■ In the Matter of KENNETH S. SHANK, Appellant, v NORMAN MILLER, Respondent. [50 NYS3d 525]—

Appeal from an order of the Family Court, Suffolk County (Deborah Poulos, J.), dated October 25, 2016. The order, upon a decision of the same date, in effect, granted, without a hearing, the application of Norman Miller to dismiss the amended family offense petition filed October 21, 2016, and thereupon dismissed the petition and vacated a temporary order of protection dated October 13, 2016.

Ordered that the order is reversed, on the law, with costs, the amended petition and the temporary order of protection dated October 13, 2016, are reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith.

The petitioner (hereinafter the appellant) is married to the daughter of the respondent. A divorce action is pending in the Supreme Court, Suffolk County, between the appellant and his wife. On October 13, 2016, during the pendency of the divorce action, the petitioner filed a family offense petition alleging that the respondent, his father-in-law, committed a family offense against him. The Family Court issued a temporary order of protection, inter alia, directing the respondent to stay away from the appellant. On October 21, 2016, the appellant filed an amended family offense petition alleging that the respondent committed the enumerated family offenses of harassment in the first degree, harassment in the second degree, and aggravated harassment in the second degree. During a court appearance on October 25, 2016, the respondent orally moved to dismiss the amended petition on the ground that the allegations did not constitute a family offense. Without a hearing, in an order dated October 25, 2016, the Family Court, upon a decision of the same date, in effect, granted the application, and thereupon dismissed the amended petition, and vacated the temporary order of protection.

"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (*Matter of Davis v Wright*, 140 AD3d 753, 754 [2016]). However, " '[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual

allegations which, if proven, would establish that the respondent has committed a qualifying family offense' " (*Matter of Lashlee v Lashlee*, 145 AD3d 723, 724 [2016], quoting *Matter of Brown-Winfield v Bailey*, 143 AD3d 707, 708 [2016]; *see Matter of Graham v Rawley*, 147 AD3d 1053 [2d Dept 2017]). " 'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (*Matter of Brown-Winfield v Bailey*, 143 AD3d at 708, quoting *Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]; *see Matter of Lashlee v Lashlee*, 145 AD3d at 724; *Matter of Ring v Ring*, 140 AD3d 1076 [2016]).

Harassment in the first degree, harassment in the second degree, and aggravated harassment in the second degree are 3 of nearly 30 criminal offenses upon which a family offense proceeding may be predicated (*see* Family Ct Act § 812 [1]). Here, construing the amended petition liberally and giving the appellant the benefit of every favorable inference, the amended petition adequately alleged that the respondent had committed the family offenses of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [3]; *Matter of Brown-Winfield v Bailey*, 143 AD3d at 708) and aggravated harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.30 [2]; *see generally Matter of Lynn TT. v Joseph O.*, 129 AD3d 1129, 1130 [2015]; *Matter of Opray v Fitzharris*, 84 AD3d 1092 [2011]). Thus, the Family Court should not have dismissed the amended petition with respect to those allegations without a hearing (*see Matter of Brown-Winfield v Bailey*, 143 AD3d 707 [2016]). However, the allegations in the amended petition were insufficient to allege the family offense of harassment in the first degree (*see* Penal Law § 240.25; *People v Dietze*, 75 NY2d 47, 54 [1989]; *see generally Matter of Filipowski v Sullivan-Tirelli*, 139 AD3d 1063 [2016]; *Matter of Tyrone T. v Katherine M.*, 78 AD3d 545 [2010]).

The parties' remaining contentions are without merit.

Accordingly, we reinstate the amended petition and remit the matter to the Family Court, Suffolk County, for a hearing and determination with respect to the allegations of harassment in the second degree and aggravated harassment in the second degree. In light of the reinstatement of the amended petition, we also reinstate the temporary order of protection dated October 13, 2016. Dillon, J.P., Roman, Cohen and Miller, JJ., concur.