■ In the Matter of DEIRDRE M. PRICE, Appellant, v HOWARD JENKINS, Respondent. [52 NYS3d 454]—

Appeal by the mother from an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated June 24, 2015. The order dismissed, without a hearing, the mother's family offense petition against the father.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition, before a different Judge.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Mat-*

ter of Acevedo v Acevedo, 145 AD3d 773, 774 [2016] [internal quotation marks omitted]; accord Matter of Parameswar v Parameswar, 109 AD3d 473, 474 [2013]). " '[A] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense' " (Matter of Lashlee v Lashlee, 145 AD3d 723, 723-724 [2016], quoting Matter of Brown-Winfield v Bailey, 143 AD3d 707 [2016]; see Family Ct Act § 812 [1]; Matter of Little v Renz, 90 AD3d 757, 757 [2011]; Matter of Davis v Venditto, 45 AD3d 837, 837 [2007]). " 'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (Matter of Brown-Winfield v Bailey, 143 AD3d at 708, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939 [2014]).

Contrary to the Family Court's conclusion, construing the petition liberally and giving it the benefit of every favorable inference, the petition adequately alleged that the father had committed the family offense of harassment in the second degree against the mother and the family offenses of obstruction of breathing and assault in the third degree against the parties' child (see Family Ct Act § 812 [1]; Penal Law §§ 121.11 [a]; 120.00 [1]; 240.26 [3]). Accordingly, the court erred in dismissing the petition on the ground that the allegations do not constitute any family offense. In light of certain remarks made by the Family Court Judge during the course of the proceedings, we deem it appropriate that the family offense petition be heard and determined by a different Judge.

The parties' remaining contentions are without merit. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.