■ In the Matter of DEIRDRE M. PRICE, Appellant, v HOWARD JENKINS, Respondent. [50 NYS3d 304]—

Appeal by the mother from an order of the Family Court, Nassau County (Thomas A. Rademaker, J.), dated November 10, 2015. The order dismissed, without a hearing, the mother's family offense petition against the father, without prejudice.

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition, before a different Judge.

The Family Court erred in dismissing the mother's petition without a hearing. "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Acevedo v Acevedo*, 145 AD3d 773, 774 [2016] [internal quotation marks omitted]). " '[A] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense' " (*Matter of Lashlee v Lashlee*, 145 AD3d 723, 724 [2016], quoting *Matter of Brown-Winfield v Bailey*, 143 AD3d 707, 708 [2016]). " 'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (*Matter of Brown-Winfield v Bailey*, 143 AD3d at 708, quoting *Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]). Here, the mother's petition alleged specific facts which, if proved, would constitute the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26; *Matter of Little v Renz*, 90 AD3d 757 [2011]). In addition, the mother's concurrent filing of proceedings in the Criminal Court did not divest the Family Court of jurisdiction to hear the matter (*see* Family Ct Act §§ 812 [1]; 821-a [5]; *Matter of Alfeo v Alfeo*, 306 AD2d 471, 471-472 [2003]).

Accordingly, we remit the matter to the Family Court, Nassau County, for further proceedings on the petition. In light of certain remarks made by the Family Court Judge, we deem it

appropriate that the matter be heard and determined by a different Judge. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.