■ In the Matter of ATINA WALTON JONES, Appellant, v RALPH JONES, Respondent. [53 NYS3d 192]—

Appeal by the mother from an order of the Family Court, Kings County (Alan Beckoff, J.), dated August 2, 2016. The order, without a hearing, dismissed the mother's family offense petition for failure to state a cause of action.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's family offense petition is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings on that petition.

The mother filed a family offense petition alleging that, on a specific date, the father, inter alia, struck the subject child. The petition further alleged that on another specific date the father, among other things, slammed the child's head into a wall and pushed the mother to the floor. In the order appealed from, the Family Court, without a hearing, dismissed the mother's family offense petition for failure to state a cause of action. The mother appeals.

"A family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708 [2016]; see Matter of Lashlee v Lashlee, 145 AD3d 723, 724 [2016]). "In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (Matter of Arnold v

*Arnold,* 119 AD3d 938, 939 [2014]; *see Matter of Lashlee v Lashlee,* 145 AD3d at 724; *Matter of Brown-Winfield v Bailey,* 143 AD3d at 708).

Here, affording the petition a liberal construction, accepting the allegations contained therein as true, and granting the petitioner the benefit of every favorable inference, the petition adequately alleged that the father committed family offenses against the mother and the child (*see* Family Ct Act § 821 [1] [a]; *Matter of Ronnie B. v Charlene G.,* 138 AD3d 605, 605-606 [2016]; *Matter of Smith v Howard,* 113 AD3d 781, 781-782 [2014]; *Matter of Pamela N. v Neil N.,* 93 AD3d 1107, 1109-1110 [2012]). Accordingly, the Family Court erred in dismissing the mother's family offense petition for failure to state a cause of action. Rivera, J.P., Austin, Miller and Barros, JJ., concur.