Matter of Lashlee v Lashlee (2018 NY Slip Op 03362)





Matter of Lashlee v Lashlee


2018 NY Slip Op 03362


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-09873
 (Docket No. O-1996-16)

[*1]In the Matter of Samuel M. Lashlee, appellant,
v
Deborah M. Lashlee, respondent.


Joseph Petito, Poughkeepsie, NY, for appellant.
Salvatore C. Adamo, New York, NY, for respondent.
Diane P. Foley, Wappingers Falls, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered August 29, 2016. The order, insofar as appealed from, granted those branches of the respondent's motion which were pursuant to CPLR 3211(a)(7) to dismiss so much of the family offense petition as alleged that she committed acts constituting the family offenses of harassment in the first and second degrees.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are divorced and have two children together. In April 2016, during the pendency of the divorce action, the petitioner (hereinafter the father) commenced this family offense proceeding against the respondent (hereinafter the mother), alleging that the youngest child "came running over to him, yelling at [him], Mommy said you're nothing but a liar, you don't have a job" and, on another occasion, stated "Mommy said that you kidnapped my brother." The petition alleged, inter alia, that these acts constituted the family offenses of harassment in the first and second degrees. Thereafter, the mother moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss so much of the petition as alleged that she had committed acts constituting those two family offenses. The Family Court, inter alia, granted those branches of the motion. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Davis v Wright, 140 AD3d 753, 754; Matter of Frimer v Frimer, 143 AD3d 895; Matter of Jordan v Verni, 139 AD3d 1067; Matter of Ramdhanie v Ramdhanie, 129 AD3d 737). However, "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708; see Matter of Davis v Venditto, 45 AD3d 837). "In determining a motion to dismiss a family offense petition pursuant to CPLR 3211(a)(7), the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Xin Li v Ramos, 125 AD3d 681, 682, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939).
Contrary to the father's contention, liberally construing the allegations of the family offense petition and giving it the benefit of every possible favorable inference, the petition failed to allege acts which, if committed by the mother, would constitute the family offenses of harassment in the first or second degree (see Family Ct Act § 812[1]; Penal Law §§ 240.25, 240.26). Accordingly, the Family Court properly granted those branches of the mother's motion which were to dismiss so much of the father's family offense petition as alleged that the mother committed acts that constituted the family offenses of harassment in the first and second degrees (see CPLR 3211[a][7]; see Leon v Martinez, 84 NY2d 83).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court