Matter of Sult v Sult (2018 NY Slip Op 07132)





Matter of Sult v Sult


2018 NY Slip Op 07132


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-00123
 (Docket No. O-10008-17)

[*1]In the Matter of Jeffery Scot Sult, appellant, Rachel
v
Ellen Sult, respondent.


Jeffery Scot Sult, Valley Stream, NY, appellant pro se.
DiMascio & Associates, LLP, Garden City, NY (Christina L. Sittner of counsel), for respondent.
Carol J. Lewisohn, Cedarhurst, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated November 20, 2017. The order, without a hearing, dismissed his family offense petition on the ground that it failed to state a cause of action.
ORDERED that the order is reversed, on the law, without costs or disbursements, the father's family offense petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.
The parties are married but live separately. They have two children together. The father filed a petition alleging, inter alia, that following an argument over a Skype video call where the mother screamed and threatened the children, the mother went to his house and damaged, among other things, his doorbell, address number, and car. The petition also alleged that the mother had a severe alcohol addiction and that on multiple occasions over a two-year period she had physically and verbally attacked the father, screamed at the children, and physically hurt the children. In the order appealed from, the Family Court, without a hearing, dismissed the father's family offense petition on the ground that it failed to state a cause of action. The father appeals.
In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Frimer v Frimer, 143 AD3d 895; Matter of Davis v Wright, 140 AD3d 753, 754; Matter of Jordan v Verni, 139 AD3d 1067, 1068). However, "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708; see Matter of Davis v Venditto, 45 AD3d 837, 838). "In determining a motion to dismiss a family offense petition pursuant to CPLR 3211(a)(7), the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Xin Li v Ramos, 125 AD3d 681, 682, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939).
Here, affording the petition a liberal construction, accepting the allegations contained therein as true, and granting the father the benefit of every favorable inference, the petition adequately alleged that the mother committed the family offenses of criminal mischief and harassment in the second degree (see Family Ct Act § 821[1]; Penal Law §§ 145.00[1], 240.26). The allegations set forth in the petition adequately alleged that the mother intentionally destroyed property belonging to the father (see Penal Law § 145.00[1]). Contrary to the Family Court's determination, the father was not required to specify the value of the destroyed property (see Matter of Omobolanle O. v Kevin J., 154 AD3d 442, 443). Furthermore, the petition adequately alleged that with the intent to harass, annoy, or alarm another person, the mother engaged in a course of conduct which alarmed and seriously annoyed another person, and which served no legitimate purpose (see Penal Law § 240.26; Matter of Pochat v Pochat, 125 AD3d 660, 661).
RIVERA, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court