Matter of Rohrback v Monaco (2019 NY Slip Op 04851)





Matter of Rohrback v Monaco


2019 NY Slip Op 04851


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


675 CAF 17-02168

[*1]IN THE MATTER OF MONICA ROHRBACK, PETITIONER-APPELLANT,
v
KENNETH MONACO, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered August 14, 2017 in a proceeding pursuant to Family Court Act article 8. The order granted the motion of respondent to dismiss the petition. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the petition insofar as it alleges that respondent committed harassment in the second degree under Penal Law § 240.26 (1) and as modified the order is affirmed without costs.
Memorandum: Petitioner commenced this family offense proceeding against respondent, her former boyfriend, alleging that he committed harassment in the first or second degree (see generally Family Ct Act § 812). Family Court thereafter, without a hearing, granted respondent's motion to dismiss the petition for failure to state a cause of action. Petitioner now appeals.
Preliminarily, by failing to address the issue in her brief, petitioner has abandoned any contention that the court erred in dismissing the petition to the extent it alleged the commission of either harassment in the first degree or harassment in the second degree under Penal Law § 240.26 (2) (see Matter of Evelyn EE. v Lorraine B., 152 AD3d 915, 917 [3d Dept 2017], lv denied 30 NY3d 903 [2017]). With respect to the remaining allegations of harassment in the second degree under Penal Law § 240.26 (1) and (3), a family offense petition "may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708 [2d Dept 2016]; see Matter of Lashlee v Lashlee, 145 AD3d 723, 724 [2d Dept 2016]).
A person commits harassment in the second degree under Penal Law § 240.26 (1) when he or she, "with intent to harass, annoy or alarm another person[,] strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same." By alleging that respondent "pushed [petitioner] so hard into the door that the door ripped off the hinges" in September 2016 and that respondent "slammed [petitioner] onto a table" in December 2016, the petition in this case adequately pleads an allegation of harassment in the second degree under section 240.26 (1). The court thus erred in dismissing the petition to that extent, and we therefore modify the order accordingly (see Matter of Shank v Miller, 148 AD3d 1160, 1161 [2d Dept 2017]).
A person commits harassment in the second degree under Penal Law § 240.26 (3) when he or she, "with intent to harass, annoy or alarm another person[,] engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (emphasis added). Thus, "[t]o be viable under the circumstances here, the [petition was] required to allege that respondent[, inter alia,] engaged in a course of conduct that did alarm or seriously annoy petitioner and the conduct served no legitimate purpose" (Matter of [*2]Charles E. v Frank E., 72 AD3d 1439, 1440 [3d Dept 2010] [emphasis added]). Although the petition before us accuses respondent of engaging in a course of conduct that annoyed and alarmed petitioner, nowhere does it allege that respondent's alleged course of conduct "serve[d] no legitimate purpose" (§ 240.26 [3]). Thus, the petition does not adequately plead an allegation that respondent committed harassment in the second degree under section 240.26 (3), and the court therefore properly dismissed the petition to that extent (see Matter of M.T. v E.T., 18 Misc 3d 418, 421 [Fam Ct, Nassau County 2007]; see also Matter of Ring v Ring, 140 AD3d 1076, 1076-1077 [2d Dept 2016]; Charles E., 72 AD3d at 1440; People v Boyette, 41 Misc 3d 48, 51 [App Term, 2d Dept, 9th & 10th Jud Dists 2013], lv denied 23 NY3d 961 [2014]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court