Matter of Latiff v Latiff (2025 NY Slip Op 01807)

Matter of Latiff v Latiff

2025 NY Slip Op 01807

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2024-01622
 (Docket No. O-15-24)

[*1]In the Matter of Abdul Latiff, appellant,
v
Bibi Shimoon Latiff, respondent.

Harold, Salant, Strassfield & Rotbard, LLC, White Plains, NY (Jerold C. Rotbard of counsel), for appellant.
Gary E. Eisenberg, New City, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated January 16, 2024. The order dismissed, without a hearing, the petition for failure to state a cause of action.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that his daughter committed the family offense of disorderly conduct. In an order dated January 16, 2024, the Family Court dismissed, without a hearing, the petition for failure to state a cause of action. The petitioner appeals.
In a family offense proceeding, the burden is on the petitioner to establish the offense by a fair preponderance of the evidence (see Family Ct Act § 832; Matter of Silverman v Leibowitz, 212 AD3d 635, 636; Matter of Lashlee v Lashlee, 161 AD3d 865, 866). A family offense petition may be dismissed without a hearing where the petition fails to set forth allegations that, if proven, would establish that the respondent has committed a qualifying family offense (see Matter of Silverman v Leibowitz, 212 AD3d at 636; Matter of Lashlee v Lashlee, 161 AD3d at 866; Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708). In determining whether the petition alleges a qualifying family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be given the benefit of every favorable inference (see Matter of Silverman v Leibowitz, 212 AD3d at 636; Matter of Brown-Winfield v Bailey, 143 AD3d at 708).
Here, liberally construing the petition, accepting the facts alleged therein as true, and giving the petitioner the benefit of every favorable inference, the petition failed to set forth allegations that, if proven, would establish that the respondent committed the family offense of disorderly conduct (see Family Ct Act § 812[1]; Penal Law § 240.20). Accordingly, the Family Court properly dismissed the petition for failure to state a cause of action without a hearing (see Matter of Silverman v Leibowitz, 212 AD3d at 636; Matter of Lashlee v Lashlee, 161 AD3d at 686).
The petitioner's remaining contention is improperly raised for the first time on appeal [*2](see Matter of Paek v Alicea, 225 AD3d 877, 879; Matter of Martinez v Toussaint, 222 AD3d 647, 649).
BARROS, J.P., BRATHWAITE NELSON, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court