Matter of Fleming v DeVall (2026 NY Slip Op 01510)

Matter of Fleming v DeVall

2026 NY Slip Op 01510

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-07708
 (Docket No. O-3481-22)

[*1]In the Matter of Patrick F. Fleming, etc., appellant,
vJeanine DeVall, respondent.

Salvatore C. Adamo, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Dutchess County (Kelly S. Myers, Ct. Atty. Ref.), dated September 26, 2022. The order dismissed, without a hearing, the petition.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8 against the respondent, with whom he has a child, alleging, inter alia, that the respondent committed the family offense of disorderly conduct by refusing the petitioner access to a shared residence. After an initial court appearance, in an order dated September 26, 2022, the Family Court dismissed, without a hearing, the petition. The petitioner appeals.
"A family offense petition may be dismissed without a hearing where the petition fails to set forth allegations that, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Latiff v Bacchus, 236 AD3d 1030, 1030). "'In determining whether a petition alleges an enumerated family offense, the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Hogan v Max, 215 AD3d 969, 970, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939).
Here, contrary to the petitioner's contention, liberally construing his allegation that the respondent refused to permit him access to the residence, and affording the petitioner the benefit of every possible favorable inference, he failed to allege conduct by the respondent constituting the family offense of disorderly conduct (see Family Ct Act § 812; Penal Law § 240.20; Matter of Latiff v Bacchus, 236 AD3d at 1030; Matter of Arnold v Arnold, 119 AD3d at 939). Accordingly, the Family Court properly dismissed the petition without a hearing.
DILLON, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court