In the Matter of DOUGLAS V. CASTILLO, Respondent, v HEIDI L. LUKE, Appellant. (And Two Other Related Proceedings.) [880 NYS2d 726]—

Kavanagh, J. Appeal from an order of the Family Court of Schuyler County (Argenstinger, J.), entered June 25, 2008, which, among other things, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

In 2001, petitioner (hereinafter the father) and respondent (hereinafter the mother) began residing together and, shortly thereafter, the mother gave birth to a daughter, who was not the father's biological child. The parties continued to live together as a family and, in 2005, the mother gave birth to the parties' son. Two years later, the parties ended their relationship and the mother moved with both children first to New Jersey and then to Pennsylvania. In August 2007, as a result of custody and visitation petitions brought by both parties, Family Court issued an order on consent, as to both children, which awarded the mother sole custody and the father extensive visitation rights.

In January 2008, after returning with the children to live with the father at his residence, the mother filed a Family Ct Act article 8 family offense petition charging the father with aggravated harassment, and she obtained a temporary order of protection. Family Court ultimately concluded that the petition failed to state a cause of action and dismissed the mother's peti-

tion. In response, the father commenced a Family Ct Act article 6 proceeding seeking joint custody of the parties' son.* The mother, in turn, filed a modification petition, asking Family Court to terminate the father's visitation with both children, prompting the father to file a petition alleging that the mother had violated the prior order by not permitting him to visit with the children. Family Court, after a hearing, denied the father's petition for joint custody, but directed that the mother keep him informed as to the children's medical history and their educational needs and provide him with access to relevant school and medical records. The court also denied the mother's modification petition and ordered that the father continue to have visitation with both children, but that any contact he had with them in the evening be supervised until he had successfully completed an alcohol rehabilitation program. The mother now appeals.

While the mother now claims that the father did not have standing to seek visitation with the daughter, the mother did not raise this issue in Family Court and, therefore, that claim is not preserved for our review (see Matter of Isaiah O. v Andrea P., 287 AD2d 816, 817 [2001]). In that regard, the mother initially consented to the entry of the order that allowed for visitation between the father and the daughter. Her petition to modify that arrangement merely stated that she did "not feel that visitation is necessary" and failed to allege that the father did not have standing to seek visitation because he was not the daughter's biological parent. In fact, at the hearing, the mother confirmed that she had agreed to allow the father to visit with both children and had returned to live at his residence in January 2008 with the children for the sole purpose of allowing the father to have "contact and visitation with his *children*" (emphasis added). Her objection to the father having visitation rights with both children was limited to her contention that he was an alcoholic who had previously engaged in physically abusive behavior and, therefore, any contact he might have with the children was not in their best interests. As such, the contentions made by the mother were addressed to the father's fitness as a parent and did not serve to put the father or Family Court on notice that standing was an issue to be resolved in this proceeding. Therefore, this claim, which the mother raises for the first time on appeal, has not been preserved (see id.).

Moreover, we see no reason to disturb Family Court's conclusion that the evidence introduced at the hearing was insuf-

* At the hearing, counsel for the father expanded this request and sought joint custody of both children.

ficient to establish that the father had previously assaulted the mother. While the father was undoubtedly intoxicated at the time the assault is alleged to have occurred, his denial of having any violent contact with the mother was substantially corroborated by the testimony of the police officer who responded to the residence and noted that there was no physical evidence that such an assault had taken place. Given the traditional deference we accord Family Court's assessment of the credibility of witnesses who testified before it, the mother's claim of domestic violence was not established by a preponderance of the evidence introduced at the hearing (*see Matter of Boulerice v Heaney*, 45 AD3d 1217, 1218 [2007]). On these facts, we see no reason to disturb the court's order establishing a visitation schedule for the father with both children and, in particular, its decision that visitation during evening hours be supervised until the father has completed his alcohol rehabilitation program.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.