██ In the Matter of IVOIRE LAVANN, Respondent, v JACOB BELL, Appellant. [909 NYS2d 243]—

Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered March 5, 2009 in a proceeding pursuant to Family Court Act article 8. The order granted an order of protection through March 5, 2011.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent contends in this family offense proceeding pursuant to Family Court Act article 8 that Family Court lacked subject matter jurisdiction because his alleged actions that gave rise to the finding of harassment in the second degree and thus the order of protection in question occurred prior to the effective date of the amendment to Family Court Act § 812 (1), which expanded the definition of the term "members of the same family or household." We reject that contention. Family Court Act § 812 (1), which limits the jurisdiction of Family Court in family offense proceedings to certain proscribed acts occurring between specified individuals, was amended effective July 21, 2008 to include persons such as respondent, i.e., those "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (§ 812 [1] [e], as amended by L 2008, ch 326, § 7). Contrary to respondent's contention, the date of entry of the order of protection controls, rather than the date of respondent's actions underlying the order of protection. Indeed, the legislative history of the statute as amended expressly provides that the statute as amended applies to orders of protection that were "entered on or after such effective date" (L 2008, ch 326, § 16, as amended by L 2009, ch 17, § 1), i.e., July 21, 2008, and here the order of protection was entered in 2009.

Finally, we conclude that the court properly determined that petitioner and respondent had been in an intimate relationship within the meaning of Family Court Act § 812 (1) (e), and the court therefore had jurisdiction to issue the order of protection against respondent. The evidence presented at the hearing on the petition established that the parties had been in a sexual relationship and that petitioner was pregnant with respondent's child. Furthermore, petitioner had previously given respondent a key to her apartment, and she described respondent as her "ex-partner" and had ended their relationship in early August 2008. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.