In the Matter of CANDIAHA TESTMAN, Respondent, v JULIO C. ROMAN, Appellant. [909 NYS2d 913]—In a family offense

proceeding pursuant to Family Court Act article 8, Julio C. Roman appeals from (1) an order of protection of the Family Court, Dutchess County (Sammarco, J.), dated September 17, 2009, and (2) an order of disposition of the same court, also dated September 17, 2009, which, after a hearing, upon a finding that he had committed certain family offenses, directed him to observe the conditions of the order of protection.

Ordered that the order of protection and the order are affirmed, without costs or disbursements.

Contrary to the appellant's contention, the factual allegations contained in the petition were sufficient to allege the family offenses of aggravated harassment in the second degree and harassment in the second degree (*see* Family Ct Act § 821 [1] [a]; *cf. Matter of Vasciannio v Nedrick*, 305 AD2d 420 [2003]).

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Luke v Luke*, 72 AD3d 689 [2010]; *Matter of Holder v Francis*, 67 AD3d 679 [2009]; *Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009]; *Matter of Kraus v Kraus*, 26 AD3d 494 [2006]). Here, the record supports the Family Court's determination that the petitioner established, by a preponderance of the evidence, that the appellant committed the family offenses of aggravated harassment in the second degree and harassment in the second degree, warranting the issuance of an order of protection (*see* Family Ct Act §§ 812, 832; *Matter of Amy SS. v John SS.*, 68 AD3d 1262, 1263 [2009]; *cf.* Penal Law § 240.30 [1]; § 240.26 [1], [3]). Covello, J.P., Balkin, Leventhal and Hall, JJ., concur.