■ In the Matter of JESSIKA LAMPARILLO, Respondent, v MICHAEL P. LAMPARILLO, Appellant. [924 NYS2d 548]—

In a family offense proceeding pursuant to Family Court Act article 8, the husband appeals from an order of protection of the Family Court, Suffolk County (Freundlich, J.), dated May 20, 2010, which, after a hearing, and upon a finding that he had committed the family offense of reckless endangerment in the second degree, directed him, inter alia, to stay away from the petitioner wife and the parties' child for a period of two years.

Ordered that the order of protection is affirmed, without costs or disbursements.

"A family offense must be established by a fair preponderance of the evidence" (*Matter of Thomas v Thomas*, 72 AD3d 834, 835 [2010]; *see* Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record" (*Matter of Testman v Roman*, 78 AD3d 719, 720 [2010]; *see Matter of Luke v Luke*, 72 AD3d 689 [2010]).

Here, the petitioner testified at the hearing that the husband left his gun on the kitchen table while he took a shower. During this time, the parties' five-year-old son handled the gun. Although the gun was unloaded, the bullets were left next to the gun. When the husband returned to the kitchen, he showed the child how to load the weapon with the ammunition. Under the particular circumstances of this case, the petitioner's testimony sufficiently established, by a preponderance of the evidence, that the husband committed the family offense of reckless endangerment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 120.20). Accordingly, the Family Court properly issued the order of protection to remain in effect for a period of two years (*see* Family Ct Act § 842). Rivera, J.P., Dillon, Hall and Roman, JJ., concur.