In the Matter of FREDERICK LITTLE, Appellant, v SANDYE RENZ, Respondent. [934 NYS2d 331]—

A proceeding pursuant to article eight of the Family Court Act is originated by the filing of a petition containing, among other things, an allegation that the respondent committed an enumerated family offense (*see* Family Ct Act § 812 [1]; § 821 [1] [a]). As a general matter, the factual allegations in a pleading must be "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; *see* Family Ct Act § 165; *Matter of Bohlman v Bohlman*, 114 AD2d 845 [1985]).

Here, the petition was not "a vague and conclusory repetition of the statutory language" (*Victoria T. Enters., Inc. v Charmer Indus., Inc.*, 63 AD3d 1698, 1698 [2009]), inasmuch as it alleged specific acts committed at identified places and times, which, if proven, would constitute a family offense (*cf. Matter of Davis v Venditto*, 45 AD3d 837, 838 [2007]; *Matter of Morisseau v Morisseau*, 27 AD3d 651, 652 [2006]; *Matter of Vasciannio v Nedrick*, 305 AD2d 420, 421 [2003]; *Matter of Brennan v Anesi*, 283 AD2d 693, 694-695 [2001]; *Matter of Jones v Roper*, 187 AD2d 593 [1992]). Accordingly, the allegations contained in the petition

were sufficient to allege a family offense enumerated in Family Court Act § 812 (1), and the Family Court erred in denying the petition and dismissing the proceeding on the ground that the petition was insufficient (*see* Family Ct Act § 821 [1] [a]; *Matter of McFadden v McFadden*, 83 AD3d 943, 943 [2011]; *Matter of Testman v Roman*, 78 AD3d 719, 720 [2010]).

The petitioner's remaining contentions are without merit. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.