*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014        516365
_____

In the Matter of SAMANTHA I.,
   on Behalf of EMILY K.,
                Respondent,
     v                       MEMORANDUM AND ORDER

LUIS J.,
               Appellant.
_____

Calendar Date: October 9, 2014

Before: Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

Reginald Bedell, Elizabethtown, for appellant.

Samantha I., Champlain, respondent pro se.

Kathleen Rose Insley, Plattsburgh, attorney for the child.

_____

Garry, J.

Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered January 24, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection, and (2) from the order of protection entered thereon.

In 2012, petitioner commenced this Family Ct Act article 8 proceeding on behalf of her daughter (born in 1999), alleging that respondent had committed various family offenses against the daughter. Respondent and the daughter were each 13 years old when the petition was filed, and they had been in an on-and-off dating relationship for several years. Following a fact-finding hearing, Family Court granted the petition, finding that the

daughter and respondent were in an intimate relationship within the meaning of Family Ct Act § 812 (1) (e) and that respondent had committed the family offenses of forcible touching and sexual misconduct. After a dispositional hearing, the court issued a two-year order of protection in the daughter's favor. Respondent appeals from both orders.

Respondent contends that petitioner lacks standing to bring this family offense proceeding. To the extent that respondent is truly arguing standing, this claim is unpreserved, as it was not raised in Family Court (see Matter of Castillo v Luke, 63 AD3d 1222, 1223 [2009]; Matter of Isaiah O. v Andrea P., 287 AD2d 816, 817 [2001]). In any event, it is well established that a parent has standing to commence a family offense proceeding on behalf of his or her child (see Matter of Loriann Q. v Frank R., 53 AD3d 735, 736 [2008]; Matter of Hamm-Jones v Jones, 14 AD3d 956, 959 [2005]).

However, the substance of respondent's argument is not truly addressed to standing, but instead challenges Family Court's subject matter jurisdiction — a nonwaivable issue, not subject to preservation requirements, that may be raised at any time (see Matter of Scott KK. v Patricia LL., 110 AD3d 1260, 1261-1262 [2013], lv dismissed and denied 22 NY3d 1054 [2014]; Matter of Anstey v Palmatier, 23 AD3d 780, 780 [2005]). Respondent contends that his relationship with the daughter did not fall within the parameters of Family Ct Act § 812 (1). This provision, as pertinent here, provides that Family Court has jurisdiction over family offense proceedings arising from certain acts committed by a respondent against a "member[] of the same family or household." Before 2008, the statutory definition of this phrase embraced only persons who were related by consanguinity or affinity, who were or had been married to one another, or who shared a common child (see Family Ct Act § 812 [former (1)]). In 2008, the Legislature expanded the scope of the statute's protection by amending the definition to include "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e], as added by L 2008, ch 326, § 7; see Matter of Jessica D. v Jeremy H., 77 AD3d 87, 88-89 [2010]). The amended

statute does not define the phrase "intimate relationship," but instead provides a non-exhaustive list of factors for consideration in determining whether such a relationship exists, including "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]).  Where, as here, a parent brings a family offense proceeding on behalf of a child, the focus of the jurisdictional analysis is on the child's relationship with the respondent, rather than that of the parent (see Matter of Bibeau v Ackey, 56 AD3d 971, 972 [2008]).

The daughter testified that she and respondent had been classmates since kindergarten and began a "boyfriend-girlfriend" relationship in fifth grade that continued, on and off, through eighth grade.  At first, the relationship consisted of holding hands, kissing and exchanging texts and phone calls.  By sixth grade, according to the daughter, respondent was texting or calling her 5 or 10 times daily and becoming jealous, "controlling" and "isolat[ing]."  The daughter testified that she and respondent had some sexual contact in sixth grade, including an incident in which he allegedly caused her to touch his erect penis at school in the presence of other students, and another in which he put his hand down her shirt to touch her breasts without her permission.  According to the daughter, she and respondent did not date for most of seventh grade.  However, late in that year they began talking again, and in eighth grade they met twice, each time at respondent's request.  The daughter testified that during the first encounter, she reluctantly acceded to respondent's request for oral sex, believing that he would "leave [her] alone" if she did so.  When they met the second time, they had sexual intercourse; the daughter testified that she asked respondent to stop and that he complied at first, but then continued.  The daughter distanced herself from respondent after these events, and reported them to petitioner after she began having suicidal thoughts.[1]

---

[1]  Family Court determined that respondent committed forcible touching based upon the incident in which he touched the daughter's breasts, and committed sexual misconduct based upon

Respondent did not dispute the factual accuracy of this testimony.  Contrary to his claim, the youth of the participants does not preclude a determination that their relationship was intimate within the meaning of the statute; Family Ct Act § 812 (1) expressly extends its jurisdiction to include respondents who are too young to be held criminally responsible, and nothing in the statutory language excludes young victims as participants in intimate relationships (see Family Ct Act § 812 [1]; see also Penal Law § 30.00).  Further, as the legislation expressly directs that such a relationship may exist between persons who have never lived together, the fact that the participants lived in their parents' separate households does not exclude them from the ambit of the statute (see Family Ct Act § 812 [1] [e]).  The record supports Family Court's determination that the intermittent dating relationship between respondent and the daughter qualified as an intimate relationship within the expanded reach of the revised statute (see Matter of Jessica D. v Jeremy H., 77 AD3d at 90; see also Matter of Lavann v Bell, 77 AD3d 1422, 1423 [2010]).  Accordingly, Family Court had subject matter jurisdiction to entertain the proceeding.

Stein, J.P., Rose, Lynch and Devine, JJ., concur.


ORDERED that the orders are affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court

---

the act of sexual intercourse.