■ In the Matter of XIN LI, Appellant, v JHAIR J. RAMOS, Respondent. [3 NYS3d 86]—

Appeal from an order of disposition of the Family Court, Nassau County (Julianne T. Capetola, J.), dated October 4, 2013. The order of disposition, upon an order of that court dated October 2, 2013, granting the motion of Jhair J. Ramos to dismiss the petitioner's family offense petition, dismissed the petition and vacated a temporary order of protection dated June 19, 2013.

Ordered that on the Court's own motion, the notice of appeal from the order dated October 2, 2013, is deemed to be a premature notice of appeal from the order of disposition (*see* CPLR 5520 [c]); and it is further,

Ordered that the appeal from so much of the order of disposition as vacated the temporary order of protection dated June 19, 2013, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed insofar as reviewed, on the law, without costs or disbursements, the mo-

tion of Jhair J. Ramos to dismiss the petition is denied, the petition is reinstated, the order dated October 2, 2013, is modified accordingly, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.

The appeal from so much of the order of disposition as vacated a temporary order of protection dated June 19, 2013, must be dismissed as academic, as the temporary order of protection expired by its terms on December 19, 2013.

The petitioner commenced the instant family offense proceeding against the respondent, Jhair J. Ramos, whom she claimed to have formerly dated. Ramos moved to dismiss the petition for failure to state a cause of action, and that motion was granted by the Family Court.

In determining a motion to dismiss a family offense petition pursuant to CPLR 3211 (a) (7), "the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference" (*Matter of Arnold v Arnold*, 119 AD3d 938, 939 [2014]; *see Matter of Smith v Howard*, 113 AD3d 781 [2014]; *Matter of Clark v Ormiston*, 101 AD3d 870, 871 [2012]).

The petitioner correctly contends that the factual allegations contained in her petition were sufficient to allege the family offense of harassment in the second degree (*see* Family Ct Act § 812 [1]; Penal Law § 240.26 [1], [3]; *Matter of Testman v Roman*, 78 AD3d 719, 720 [2010]; *see also Matter of Konstatine v Konstatine*, 107 AD3d 994 [2013]; *Matter of Chu Man Woo v Qiong Yun Xi*, 106 AD3d 818, 819 [2013]). In particular, the petitioner alleged that Ramos, with intent to harass, annoy, or alarm her so that she would move out of her apartment, pushed her on two occasions and threatened to "kick [her] on the floor like a dog" (*see* Penal Law § 240.26 [1]). Additionally, the petitioner alleged that, with the same intent, Ramos engaged in an alarming or seriously annoying "course of conduct" which served no legitimate purpose, including the above-referenced conduct as well as putting a dog in her apartment, changing the locks to her apartment, and putting mud on her sheets and blankets (*see* Penal Law § 240.26 [3]).

Additionally, contrary to Ramos's contention, the petition sufficiently alleged that the parties had been in an "intimate relationship" so as to confer jurisdiction on the Family Court (*see* Family Ct Act § 812 [1] [e]; *Matter of Jose M. v Angel V.*, 99 AD3d 243, 246-247 [2012]; *Matter of Willis v Rhinehart*, 76 AD3d 641, 643 [2010]; *see also Matter of LaVann v Bell*, 77 AD3d 1422, 1423 [2010]; *Matter of Jessica D. v Jeremy H.*, 77 AD3d 87, 88-90 [2010]; *see generally Matter of Seye v Lamar*,

72 AD3d 975, 977 [2010] ["the determination as to whether persons are or have been in an 'intimate relationship' within the meaning of Family Court Act § 812 (1) (e) may require a hearing"]).

Accordingly, the Family Court erred in dismissing the petition for failure to state a cause of action (*see Matter of Little v Renz*, 90 AD3d 757, 757-758 [2011]; *Matter of McFadden v McFadden*, 83 AD3d 943, 943-944 [2011]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.