■ In the Matter of JAMINA L. KING, Respondent, v NEAL W. KING, Appellant. [56 NYS3d 182]—

Appeals by Neal W. King from (1) an amended order of fact-finding and disposition of the Family Court, Kings County (Dean T. Kusakabe, J.), dated March 16, 2016, and (2) an order of protection of that court dated February 24, 2016. The amended order of fact-finding and disposition, after a fact-finding hearing, found that Neal W. King committed family offenses and directed him to comply with the terms of the order of protection dated February 24, 2016. The order of protection, inter alia, directed him to stay away from the petitioner until and including February 23, 2018.

Ordered that the amended order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, her brother. After a hearing, the Family Court found that the appellant committed the family offenses of attempted assault in the third degree, menacing in the third degree, and obstruction of breathing or circulation, and issued an order of fact-finding and disposition dated February 24, 2016, which was amended on March 16, 2016. The order of protection, also dated February 24, 2016, inter alia, directed the appellant to stay away from the petitioner until and including February 23, 2018.

In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Family Ct Act § 832; Matter of Thompson v Fawcett, 131 AD3d 620 [2015]). The determination of whether a family offense was committed is a factual issue to be resolved by the hearing court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Crenshaw v Thorpe-Crenshaw, 146 AD3d 951, 952 [2017]; Matter of Konstatine v Konstatine, 107 AD3d 994 [2013]). Moreover, where, as here, the appellant fails to testify, the court may draw the strongest inference against him or her that the opposing evidence in the record permits (see Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141 [1983]; Matter of Michael U. [Marcus U.], 110 AD3d 821, 823 [2013]).

Here, according due deference to the credibility determinations of the Family Court, a fair preponderance of the evidence adduced at the fact-finding hearing supported a finding that the appellant committed the family offenses of attempted assault in the third degree, menacing in the third degree, and obstruction of breathing or circulation (*see* Family Ct Act § 812 [1]; Penal Law §§ 120.00, 110.00, 120.15, 121.11 [a]). The petitioner testified to the appellant's violent episodes, including incidents in which the appellant pushed the petitioner into a bookshelf, hurting her side, punched holes in the walls, threw objects around the room, and choked the petitioner until their mother intervened. Moreover, the hearing evidence does not support the appellant's contention that he lacked the necessary intent to cause the petitioner physical injury.

Accordingly, we affirm the amended order of fact-finding and disposition and the order of protection. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.