Matter of Qin Fen Wang v Chee Kiang Foo (2019 NY Slip Op 03054)





Matter of Qin Fen Wang v Chee Kiang Foo


2019 NY Slip Op 03054


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13265
 (Docket No. O-12669-17)

[*1]In the Matter of Qin Fen Wang, respondent,
v
Chee Kiang Foo, appellant.


Paul A. Gilmer, Flushing, NY, for appellant.
Joshua R. Katz, Kew Gardens, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Chee Kiang Foo appeals from an order of protection of the Family Court, Queens County (Marilyn L. Zarrello, Ct. Atty. Ref.), dated September 24, 2018. The order of protection, upon a finding that Chee Kiang Foo committed the family offense of sexual misconduct, made after a fact-finding hearing, directed him to refrain from certain conduct with respect to the petitioner until and including September 24, 2019.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant. After a fact-finding hearing, the Family Court found that the appellant committed the family offense of sexual misconduct. Upon that finding, the court issued an order of protection dated September 24, 2018, which directed the appellant to refrain from certain conduct with respect to the petitioner until and including September 24, 2019.
The appellant contends that the allegations in the family offense petition were inadequate to provide him with fair notice of the nature of the allegations against him and the time and place of the conduct so as to enable him to prepare an adequate defense. A family offense petition must set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense (see Family Ct Act § 821[1][a]; Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708). Additionally, the factual allegations in a pleading "shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; see Family Ct Act § 165; Matter of Little v Renz, 90 AD3d 757).
Here, the factual allegations in the petition were sufficiently particular to give the appellant notice of the conduct alleged, which, if proven, would establish that he committed the family offense of sexual misconduct against the petitioner (see Family Ct Act § 812[1]; Penal Law § 130.20[1]; see generally Matter of Little v Renz, 90 AD3d 757). Furthermore, the two-month period alleged as to when the sexual misconduct occurred was reasonably specific, provided the appellant with adequate notice, and did not deprive him of due process (see People v Case, 29 AD3d 706; People v Watt, 192 AD2d 65, affd 84 NY2d 948).
The appellant also contends that the Family Court's finding that he had engaged in [*2]conduct constituting the family offense of sexual misconduct is not supported by sufficient evidence. In a family offense proceeding, the allegations must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of King v King, 150 AD3d 1116; Matter of Brito v Vasquez, 93 AD3d 842, 843; Matter of Kaur v Singh, 73 AD3d 1178). Here, the court found the petitioner to be credible regarding the events involving the appellant's behavior, and we see no reason to disturb this finding. Moreover, a fair preponderance of the credible evidence supports the court's determination that the appellant committed acts which constituted the family offense of sexual misconduct (see Family Ct Act § 812[1]; Penal Law § 130.20[1]).
The appellant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court