Matter of Nashally M. v Jamaray C. (2019 NY Slip Op 07349)





Matter of Nashally M. v Jamaray C.


2019 NY Slip Op 07349


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10060

[*1] In re Nashally M., Petitioner,
v
Jamaray C., Respondent-Appellant.


Leslie S. Lowenstein, Woodmere, for appellant.



Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about May 31, 2016, which, upon a finding, after a hearing, that respondent committed acts constituting a family offense, issued a one-year order of protection in favor of petitioner, unanimously affirmed, without costs.
The expiration of the order of protection does not moot the appeal since enduring consequences may flow from the adjudication that respondent has committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-672 [2015]; Matter of Juana R. v Chelsea R., 154 AD3d 613 [1st Dept 2017]). Although the Family Court failed to specify the particular family offense under Family Court Act § 812(a) that respondent committed, remittal is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see e.g. Matter of Kimberly O. v Jahed M., 152 AD3d 441, 442 [1st Dept 2017], lv denied 30 NY3d 902 [2017]; Matter of Christina KK. v Kathleen LL., 119 AD3d 1000, 1001 [3d Dept 2014]; Matter of Stewart v Lassiter, 103 AD3d 734 [2d Dept 2013]).
A preponderance of the evidence presented at the fact-finding hearing established that respondent engaged in acts that would constitute the offenses of attempted assault in the third degree (Penal Law § 110.00/120.00[1]), reckless endangerment in the second degree (Penal Law § 120.20), and criminal obstruction of breathing or blood circulation (Penal Law § 121.11). Respondent admitted on the record that he grabbed petitioner's neck and threatened to end her life, and petitioner confirmed that respondent choked her (see e.g. Matter of King v King, 150 AD3d 1116, 1117 [2d Dept 2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK