People v Cuppuccino (2020 NY Slip Op 02296)





People v Cuppuccino


2020 NY Slip Op 02296


Decided on April 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 16, 2020

110336

[*1]The People of the State of New York, Respondent,
v
Salvatore Cuppuccino, Appellant.

Calendar Date: March 20, 2020

Before: Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ.


G. Scott Walling, Slingerlands, for appellant, and appellant pro se.
J. Anthony Jordan, District Attorney, Ford Edward (Taylor Fitzsimmons of counsel), for respondent.



Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered March 9, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
In December 2016, while serving a term of imprisonment, defendant was found to be in possession of a sharpened object. In August 2017, he was charged in an indictment with promoting prison contraband in the first degree. The indictment was later amended and, in satisfaction thereof, he pleaded guilty to attempted promoting prison contraband in the first degree. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 1½ to 3 years in prison, to run consecutively to the sentence that he was then serving. Defendant appeals.
Appellate counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues that may be raised on appeal. Based upon our review of the record, counsel's brief, the People's brief and defendant's pro se supplemental brief, we disagree. Defendant's pro se contentions concerning the denial of his right to a speedy trial and trial counsel's failure to seek dismissal of the indictment on this ground warrant further consideration (see People v Green, 138 AD3d 1312, 1313 [2016]; People v Hernandez, 12 AD3d 723, 723 [2004]). Accordingly, without passing judgment on the ultimate merit of these issues or any others, we grant counsel's application for leave to withdraw and assign new counsel to address these issues and any others that the record may disclose (see People v Beaty, 22 NY3d 490, 492-493 [2014]; People v Stokes, 95 NY2d 633, 638-639 [2001]; see generally People v Cruwys, 113 AD2d 979, 980 [1985], lv denied 67 NY2d 650 [1986]).
Garry, P.J., Egan Jr., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.