Scronic v Scronic (2021 NY Slip Op 02006)





Scronic v Scronic


2021 NY Slip Op 02006


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-01614
 (Index No. 67957/17)

[*1]Ashley Scronic, respondent,
v
Michael Scronic, appellant.


Andrew W. Szczesniak, White Plains, NY, for appellant.
Duffy & Staab LLC, White Plains, NY (Kevin T. Duffy, Jr., of counsel), for respondent.
Jo-Ann Cambareri, White Plains, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated January 13, 2020. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's cross motion which was to reduce the defendant's parental access with the parties' child to the extent of awarding the defendant parental access with the child once every other month, one phone call with the child every other day, and one letter to the child every two weeks.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this matrimonial action, the defendant, who is currently serving an eight-year federal prison sentence after pleading guilty to securities fraud, appeals from so much of an order as, in effect, granted that branch of the plaintiff's cross motion which was to reduce the defendant's parental access with the parties' child to the extent of awarding the defendant parental access with the child once every other month, one phone call with the child every other day, and one letter to the child every two weeks.
"The paramount concern when making a parental access determination is the best interests of the child, under the totality of the circumstances" (Marino v Marino, 183 AD3d 813, 816 [internal quotation marks omitted]). Parental access with a noncustodial parent, even if he or she is incarcerated, is presumed to be in the best interests of the child (see Matter of Jemar H. v Nevada I., 182 AD3d 805, 807). To rebut that presumption, the custodial parent must demonstrate that parental access with the noncustodial parent would, under all of the circumstances, be harmful to the child's welfare or contrary to his or her best interests (see id. at 807). The propriety of parental access is left to the sound discretion of the trial court, guided by the best interests of the child, and its decision will not be disturbed where it is supported by a sound and substantial basis in the record (see id.; see also Matter of Freeborn v Elco, 188 AD3d 677, 679).
Here, the record established that it was in the best interests of the child to limit the [*2]defendant's parental access with the child to one visit every other month, one phone call every other day, and one letter every two weeks. Since the Supreme Court's parental access determination had a sound and substantial basis in the record, we decline to disturb it.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court