Matter of Akela Q. v Jack Q. (2021 NY Slip Op 02848)





Matter of Akela Q. v Jack Q.


2021 NY Slip Op 02848


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

528511
[*1]In the Matter of Akela Q., Petitioner,
v
Jack Q., Appellant. (And Two Other Related Proceedings.)

Calendar Date:March 10, 2021

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Pamela B. Bleiwas, Ithaca, for appellant.
Donna C. Chin, New York City, attorney for the children.



Aarons, J.
Appeal from an order of the Supreme Court (Rowley, J.), entered October 30, 2018 in Tompkins County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 2002 and 2012). Under a 2015 order, the parties shared joint legal custody of the children with the mother having primary physical custody and the father having parenting time with them. As relevant here, the parties filed competing petitions seeking to modify the 2015 order, all of which were subsequently transferred to Supreme Court. Following hearings, Supreme Court, among other things, awarded the mother sole legal and physical custody of the child and continued parenting time to the father. The father appeals.[FN1]
The father challenges Supreme Court's finding of a change in circumstances. The father, however, never argued before Supreme Court that the mother failed to prove a change in circumstances since the 2015 order. In fact, the father filed his own modification petition and alleged therein that a change in circumstances existed. The father also submitted proof and argued in support of a finding of a change in circumstances. Accordingly, this assertion is unpreserved (see Matter of Castillo v Luke, 63 AD3d 1222, 1223 [2009]). Even if preserved, the record supports the court's determination that a change in circumstances existed — i.e., that the parties' relationship deteriorated to the point that joint custody was no longer feasible (see Matter of Madelyn Z. v Daniel AA., 154 AD3d 1092, 1093 [2017]; Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016]).
The father's contention that Supreme Court was biased and effectively predetermined the issue of custody based upon comments made by the court prior to the hearing is unpreserved (see Matter of Jemar H. v Nevada I., 182 AD3d 805, 808-809 [2020]). In any event, this contention is without merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The oldest child turned 18 years old while this appeal was pending and, therefore, the appeal is moot insofar as it pertains to him (see Matter of Mauro NN. v Michelle NN., 172 AD3d 1493, 1494 n [2019]).