Matter of Cunningham v Cunningham (2021 NY Slip Op 05966)





Matter of Cunningham v Cunningham


2021 NY Slip Op 05966


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2021-00043
 (Docket No. O-616-20)

[*1]In the Matter of Nancy Cunningham, etc., petitioner,
v
Brian Cunningham, respondent-respondent; Julia C. (Anonymous), et al., nonparty-appellants.


Yasmin Daley Duncan, Brooklyn, NY, attorney for the children Julia C. and Thomas C., the nonparty-appellants.
Daniel L. Pagano, Esq. LLC, White Plains, NY, for respondent-respondent.
Kelley M. Enderley, Poughkeepsie, NY, for petitioner.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the nonparty children Julia C. and Thomas C. appeal from an order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated November 6, 2020. The order, insofar as appealed from, granted those branches of the father's motion which were pursuant to CPLR 3211(a)(7) to dismiss the mother's family offense petition and to vacate a temporary order of protection dated October 9, 2020, and, in effect, dismissed the petition.
ORDERED that the appeal from so much of the order as granted that branch of the father's motion which was to vacate the temporary order of protection is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the father's motion which was pursuant to CPLR 3211(a)(7) to dismiss that branch of the petition which alleged that he committed the family offense of harassment in the second degree, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, dismissing that branch of the petition which alleged that the father committed the family offense of harassment in the second degree; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, that branch of the petition which alleged that the father committed the family offense of harassment in the second degree is reinstated, and the matter is remitted to the Family Court, Putnam County, for further proceedings on that branch of the petition.
On October 9, 2020, the mother filed a family offense petition against the father, alleging that the father committed the family offenses of harassment in the first or second degree and reckless endangerment. On that date, the Family Court issued a temporary order of protection against the father. The father moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the petition and to vacate the temporary order of protection. In an order dated November 6, 2020, the court, inter alia, granted those branches of the father's motion and, in effect, dismissed the petition. The parties' [*2]children Julia C. and Thomas C. (hereinafter together the appellants) appeal.
The appeal from so much of the order as granted that branch of the father's motion which was to vacate the temporary order of protection must be dismissed as academic, as the temporary order of protection expired by its terms on April 8, 2021 (see Matter of Xin Li v Ramos, 125 AD3d 681).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Lashlee v Lashlee, 161 AD3d 865, 866; see Family Ct Act § 832). However, "[a] family offense petition may be dismissed without a hearing where the petition fails to set forth factual allegations which, if proven, would establish that the respondent has committed a qualifying family offense" (Matter of Brown-Winfield v Bailey, 143 AD3d 707, 708; see Matter of Lashlee v Lashlee, 161 AD3d at 866). "In determining a motion to dismiss a family offense petition pursuant to CPLR 3211(a)(7), 'the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference'" (Matter of Xin Li v Ramos, 125 AD3d at 682, quoting Matter of Arnold v Arnold, 119 AD3d 938, 939; see Matter of Lashlee v Lashlee, 161 AD3d at 866).
Here, liberally construing the allegations of the petition and giving it the benefit of every possible favorable inference, the petition alleged acts which, if committed by the father, would constitute the family offense of harassment in the second degree (see Family Ct Act § 812[1]; Penal Law § 240.26). Accordingly, the Family Court should have denied that branch of the father's motion which was pursuant to CPLR 3211(a)(7) to dismiss that branch of the petition which alleged that he committed the family offense of harassment in the second degree.
The appellants' remaining contentions are without merit.
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court