Matter of Tiyani AA. (Yani Z.) (2024 NY Slip Op 05923)

Matter of Tiyani AA. (Yani Z.)

2024 NY Slip Op 05923

Decided on November 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 27, 2024

CV-23-0148 CV-23-1708
[*1]In the Matter of Tiyani AA., Alleged to be an Abandoned Child. Schenectady County Department of Social Services, Respondent; Yani Z., Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Michelle I. Rosien, Philmont, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Nadia C. Viscusi-Stanners of counsel), for respondent.
Mitchell S. Kessler, Cohoes, attorney for the child.

Egan Jr., J.
Appeals from two orders of the Family Court of Schenectady County (Kevin A. Burke, J.), entered December 20, 2022 and January 23, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the mother) is the mother of the subject child (born in 2019), who was removed from her care by petitioner in 2019. Petitioner commenced this abandonment proceeding to terminate the mother's parental rights in January 2022, alleging that the mother had not seen or had any other meaningful contact with the child in the preceding six months. Family Court scheduled a September 2022 fact-finding hearing on the petition and made clear to the mother, who had participated in court appearances via telephone or videoconferencing up to that point, that the hearing would be in person. The mother was not present on the day of the hearing because she had purportedly been unable to obtain a ride from New York City to Schenectady County. Family Court proceeded to conduct the hearing in the mother's absence, but permitted her to observe the hearing virtually. The mother did observe the bulk of the hearing, and her counsel actively participated in it.
Family Court issued a decision and order in December 2022 in which it determined that the mother had abandoned the child and ordered that her parental rights be terminated. Family Court then issued an order in January 2023 which, among other things, made additional findings of fact and reiterated that the mother's parental rights were terminated. The mother appeals from both orders.
We begin by briefly noting that both appeals are properly before us. First, although the December 2022 order states that Family Court found the mother to be in default, both orders arose out of a hearing that the mother observed and that her counsel fully participated in. As such, we do not view the orders as having been entered on default so as to prevent the mother from taking a direct appeal from them (see CPLR 5511; Matter of Dakota W. [Kimberly X.], 189 AD3d 2004, 2004 n 2 [3d Dept 2020], lv denied 36 NY3d 911 [2021]). Second, while the attorney for the child suggests that the mother did not timely appeal from the January 2023 order, the record does not reflect when the order was served upon the mother so as to start the time in which to take an appeal (see Family Ct Act § 1113). Accordingly, dismissal of that appeal is not warranted (see Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1094 [2d Dept 2022]).
Turning to the mother's arguments, she first contends that, despite her failure to appear for what Family Court and her own counsel advised her would be an in-person hearing, Family Court deprived her of due process by only allowing her to observe the hearing. Neither she nor her trial counsel raised that issue before Family Court by registering an objection to the court's ruling or [*2]seeking an adjournment so that the mother could appear in person, however, and the argument is therefore unpreserved for our review (see Matter of Bella S. [Alice Y.-S.], 225 AD3d 883, 884 [2d Dept 2024]; Matter of Jemar H. v Nevada I., 182 AD3d 805, 808-809 [3d Dept 2020]). We would not, in any event, be persuaded of a due process violation because Family Court afforded the mother the opportunity to be virtually present for the hearing and her counsel capably advanced her interests throughout it (see Matter of Jemar H. v Nevada I., 182 AD3d at 809).
As for the merits of Family Court's determination, abandonment will warrant the termination of parental rights where a petitioner demonstrates "by clear and convincing evidence that, during the six months preceding the petition's filing, the parent 'evince[d] an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by' " the petitioner (Matter of Micah L. [Rachel L.], 192 AD3d 1344, 1344 [3d Dept 2021], quoting Social Services Law § 384-b [5] [a]; see Matter of Jayce G. [Daniel H.], 229 AD3d 857, 858 [3d Dept 2024]; Matter of Kamariana SS. [Anthony SS.], 227 AD3d 1166, 1167 [3d Dept 2024], lv denied 42 NY3d 903 [2024]). Once that showing is made, "the burden shifts to the parent to prove an inability to maintain contact or that he or she was prevented or discouraged from doing so by" the petitioner (Matter of Taj'ier W. [Joseph W.], 209 AD3d 1203, 1204 [3d Dept. 2022] [internal quotation marks and citation omitted]; accord Matter of Jayce G. [Daniel H.], 229 AD3d at 858; see Social Services Law § 384-b [5] [a]).
Petitioner here presented the testimony of its caseworker and one of the child's foster parents, and that testimony reflected that the mother had no contact with the child in the six months leading up to the filing of the petition in January 2022. The mother's interactions with petitioner during that period amounted to a telephone call to the caseworker in which she requested a virtual visit with the child. Upon being advised that virtual visits were only a temporary substitute for in-person visits during the COVID-19 pandemic and were no longer occurring, the mother refused to do an in-person visit because there was an active warrant for her arrest and she did not want to go to petitioner's office. The mother now suggests that petitioner should have facilitated visitation by offering her alternatives to in-person visits at its office given her fear of arrest. It suffices to say that there is no proof that petitioner prevented or discouraged the mother from seeing the child because of that concern — to the contrary, the caseworker testified that she had no intention of arranging for the mother's arrest if she came to visit the child and had never threatened to do so — and petitioner was under no obligation to go further and [*3]make diligent efforts to encourage visits and/or communications between the mother and the child (see Social Services Law § 384-b [5]; Matter of Julius P., 63 NY2d 477, 481 [1984]; Matter of Kamariana SS. [Anthony SS.], 227 AD3d at 1167). As a result, "there is no basis upon which to disturb Family Court's decision to terminate the mother's parental rights to the child on the ground of abandonment" (Matter of Quannie T. [Miayjah R.], 226 AD3d 1119, 1122 [3d Dept 2024]; see Matter of Dimitris J. [Sarah J.], 141 AD3d 768, 770-771 [3d Dept 2016]).
Finally, although the findings of fact in both orders regarding abandonment are fully supported by the record, we agree with the mother and the attorney for the child that the January 2023 order improperly includes findings of fact as to matters that were alleged in the petition but that petitioner made no effort to prove at the hearing.[FN1] We accordingly remit so that Family Court may "strike portions of the [January 2023] order containing the improper" findings (Matter of Bonnie FF. [Marie VV.], 220 AD3d 1078, 1083 [3d Dept 2023]).
Garry, P.J., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the order entered December 20, 2022 is affirmed, without costs.
ORDERED that the order entered January 23, 2023 is reversed, on the facts, without costs, and matter remitted to the Family Court of Schenectady County to strike findings of fact regarding unproven allegations in the petition.

Footnotes

Footnote 1: Petitioner suggests that this issue is unpreserved for our review, but the preservation requirement assumes a missed opportunity to object, and the record does not reveal that the mother was placed on notice of the January 2023 order and its contents before it was executed (see CPLR 5501 [a] [3]; Family Ct Act § 1118).