Matter of Brooks-Morrison v Johnson (2025 NY Slip Op 01752)

Matter of Brooks-Morrison v Johnson

2025 NY Slip Op 01752

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

248 CAF 24-00966

[*1]IN THE MATTER OF LATAYVIA BROOKS-MORRISON, PETITIONER-APPELLANT,
v
MARINA JOHNSON, RESPONDENT-RESPONDENT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR PETITIONER-APPELLANT.
SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Family Court, Monroe County (Casie L. Ponticello, R.), entered June 7, 2024, in a proceeding pursuant to Family Court Act article 8. The order, among other things, dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner brought a petition pursuant to Family Court Act article 8 alleging that respondent committed various family offenses. Family Court effectively granted respondent's motion to dismiss the petition, without prejudice, pursuant to CPLR 3211 (a) (7). We affirm.
In determining a motion to dismiss a family offense petition pursuant to CPLR 3211 (a) (7), " 'the petition must be liberally construed, the facts alleged in the petition must be accepted as true, and the petitioner must be granted the benefit of every favorable inference' " (Matter of Xin Li v Ramos, 125 AD3d 681, 682 [2d Dept 2015]; see Matter of Little v Little, 175 AD3d 1070, 1072 [4th Dept 2019]). Petitioner contends that the petition, together with the additional allegations that she made in ex parte sworn testimony, were sufficient to state the alleged family offenses. However, inasmuch as nothing in the record reflects that respondent was aware of the allegations made in the sworn testimony, we decline to consider those allegations. " '[N]otice is a fundamental component of due process' " and, in the absence of evidence that respondent was on notice of the allegations in the sworn testimony, our consideration of that testimony would violate respondent's due process rights (Matter of King v King, 167 AD3d 1272, 1274 [3d Dept 2018]; see generally Matter of Ferratella v Thomas, 173 AD3d 1834, 1836 [4th Dept 2019]).
Considering solely the petition, liberally construing the allegations therein, and giving them the benefit of every favorable inference, petitioner failed to adequately allege an enumerated family offense (see Little, 175 AD3d at 1072; see generally Family Ct Act § 812 [1]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court